IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LAVETTA JACKSON,<br>10207 Ackerly Terrace<br>Lanham, MD 20706<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF MARYLAND<br>200 St. Paul Place<br>Baltimore, MD 21202<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT
# JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

1. This is a suit to obtain relief for race discrimination under Title VII of the Civil Rights Act of 1964, as amended. This suit further seeks to obtain relief for disability discrimination under the Americans with Disabilities Act. The Plaintiff alleges the Defendant subject her to unlawful disparate treatment because of her race and disability, African American. She seeks relief under 42 U.S.C. § 1983, for violation of her civil rights.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in that the alleged act occurred in Prince George's County, Maryland.

## PARTIES

4. Plaintiff, Lavetta Jackson, is over the age of 19, female, and was a resident of Anne Arundel County, Maryland at the time of the violation of her rights.

5. Defendant State of Maryland is a state entity capable of being sued.

6. The defendant was the Plaintiff's employer for purposes of Title VII.

## ADMINISTRATIVE REMEDIES

7. Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination (Charge No. 531-202-00296) against Defendant. The Charge alleged a claim for disability discrimination and retaliation.

8. The EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") for Charge No. 531-2020-00296 on October 29,2019.

9. Plaintiff received the Right to Sue Letter on November 1, 2019.

10. Plaintiff initiated this action within 90 days of receipt of the Right to Sue Letter.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

12. Plaintiff is an employee of Defendant State of Maryland.

13. Specifically, Plaintiff is employed with the Department of Housing and Community Development.

14. The Department of Housing and Community Development ("DHCD") works with partners to finance and support affordable and energy-efficient homeownership, rental housing, small businesses, neighborhood revitalization and municipal infrastructure projects that change Maryland for the better.

15. DCHD has the ability to leverage limited state funds to raise significant amounts of private capital to spur economic growth, create jobs, provide safe affordable rental housing and revitalize communities.

16. Plaintiff was full-time as an Administrative Specialist II/Multifamily Systems Coordinator.

17. Plaintiff began her employment on or about 2012.

18. Plaintiff worked within the Division of Credit Assurance/Multifamily Asset Management.

19. Plaintiff's purpose in her position was to maintain accurate data in the Multifamily systems to verify through review of loan and other documents what date should be entered into the Multifamily Systems.

20. Plaintiff is tasked with correspondence management, data processing, reports, and special projects.

21. Plaintiff reported to Jane Slocum, Portfolio Administrator.

22. Throughout Plaintiff's employment, Plaintiff produced satisfactory work product.

23. Plaintiff suffers from depression and anxiety disorders.

24. Plaintiff's disability prevents Plaintiff from concentrating, invokes an inability to tolerate stress, and depreciates Plaintiff's motivation.

25. Defendant had actual knowledge of Plaintiff's disabilities.

26. Plaintiff was continuously harassed by her supervisor Ms. Slocum because of her disabilities.

27. Ms. Slocum's harassment was intentional and continuous.

28. The harassment was so severe and frequent that it created a hostile work environment.

29. The harassment exacerbated Plaintiff's disability invoking physical and mental stresses and trauma.

30. Defendant had actual knowledge of the harassing treatment Plaintiff had been subjected to.

31. Plaintiff requested to be transferred to another department.

32. Defendant failed to take any action to bring resolve to the harassing treatment.

33. Defendant further has discriminated against Plaintiff on the basis of her race.

34. Specially, Plaintiff has been overlooked repeatedly for promotions.

35. Instead, Caucasian employees who lack the experience and training that Plaintiff possesses are routinely selected instead of Plaintiff.

36. Plaintiff filed a complaint with the EEOC on the basis of the harassing treatment she has been subjected to.

37. Soon after Plaintiff's complaint, Defendant retaliated against Plaintiff by writing her up and placing her on a performance improvement plan ("PIP").

38. The PIP completely altered the terms of Plaintiff's working conditions.

39. The PIP that was put into place was designed so that it would be impossible for Plaintiff to improve in a fashion that we remove her from the confines of the PIP.

40. Plaintiff was ultimately terminated from her position.

## CAUSES OF ACTIONS

### COUNT I: DISABILITY DISCRIMINATION

41. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

42. Plaintiff is a qualified individual that suffers from disabilities.

43. Specifically, Plaintiff suffers from depression and anxiety disorders.

44. Plaintiff's disabilities prevent Plaintiff from concentrating, invokes an inability to tolerate stress, and depreciates Plaintiff's motivation.

45. Defendant had actual knowledge of Plaintiff's disabilities.

46. Plaintiff was subjected to continuous and frequent harassment from her supervisor.

47. The harassment was so severe that it altered Plaintiff's working conditions.

48. Plaintiff requested to be transferred to a different department to avoid the further stress.

49. Defendant failed to take any action to bring resolve to the harassing treatment which Plaintiff was forced to endure.

50. Defendant is liable to Plaintiff for disability discrimination.

## COUNT II: RACE DISCRIMINATION

51. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

52. Plaintiff is a member of a protected class.

53. Plaintiff is an African American female.

54. Plaintiff had been employed with Plaintiff for eight years.

55. During her time, Plaintiff has produced satisfactory work and gained a wealth of knowledge and experience.

56. Plaintiff was continuously overlooked for promotions.

57. Instead, Defendant routinely promoted less qualified and experienced Caucasian employees over Plaintiff.

58. Defendant is liable to Plaintiff for race discrimination.

## COUNT III: RETALITION

59. Plaintiff hereby realleges the foregoing paragraphs as if fully stated herein.

60. Plaintiff participated in a protected activity.

61. Specifically, Plaintiff filed a complaint against Defendant opposing the discriminatory and harassing treatment she had been facing.

62. Soon after, Defendant wrote Plaintiff up and placed Plaintiff on a PIP in retaliation of her participation in the protected activity.

63. Defendant is liable to Plaintiff for retaliation.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully requests the entry of judgment, against Defendant pursuant to an Order awarding:

a. Compensatory damages and nominal damages to be determined by the trier of fact;

b. Punitive damages to be determined by the trier of fact;

c. Declaratory and injunctive relief;

d. That relief which is fair, just, and equitable under the circumstances of this case;

e. Reasonable attorney's fees; and

f. The cost of this suit

PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY

Respectfully submitted this 30th day of January 2020.

*/s/ Charles Tucker, Jr.*
Charles Tucker, Jr.
TuckerMoore Group
8181 Professional Pl. Suite 207
Hyattsville, MD 20785
charles@tuckerlawgroupllp.com
301-577-1175