IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| LAVETTA JACKSON, | * |
| Plaintiff, | * Case No.: GJH-20-270 |
| v. | * |
| STATE OF MARYLAND, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Lavetta Jackson brings this action against Defendant State of Maryland alleging disability discrimination (Count I), race discrimination (Count II), and retaliation (Count III) in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, and 42 U.S.C. § 1983. ECF No. 1. Now pending before the Court is Plaintiff's Motion for Default, ECF No. 9, Defendant's Motion to Dismiss, ECF No. 12, and Plaintiff's Consent Motion for Extension of Time to File Response to Defendant's Motion, ECF No. 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion to Dismiss and Plaintiff's Motion for an Extension of Time are granted, and Plaintiff's Motion for Default is denied as moot.

**I.    BACKGROUND**[1]

At the time of the events at issue, Plaintiff Lavetta Jackson worked for the State of Maryland Department of Housing and Community Development as an Administrative Specialist

---

[1] For purposes of considering Defendant's Motion to Dismiss, the Court accepts the facts alleged in the Complaint as true. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

II/Multifamily Systems Coordinator. ECF No. 1 ¶¶ 12, 13, 16.[2] She had been employed there since 2012, and her responsibilities included maintaining accurate data in the Multifamily Systems as well as correspondence management, data processing, reports, and special projects. *Id.* ¶¶ 17, 19–20. Plaintiff reported to Jane Slocum, Portfolio Administrator. *Id.* ¶ 21. Plaintiff asserts that, throughout her employment, she produced satisfactory work product. *Id.* ¶ 22. However, because Plaintiff suffers from depression and anxiety disorders, she has difficulty concentrating, lower stress tolerance, and depreciated motivation. *Id.* ¶¶ 23–24. Plaintiff alleges that Ms. Slocum intentionally and continuously harassed her about her disabilities. *Id.* ¶¶ 26–27. She further alleges that the harassment was so severe and frequent that it created a hostile work environment and caused her physical and mental stress and trauma. *Id.* ¶¶ 28–29. According to Plaintiff, Defendant was aware both of Plaintiff's disabilities and of the harassment, but failed to take any action to remedy it, even despite Plaintiff's request for a transfer to another department. *Id.* ¶¶ 25, 30–32.

Plaintiff, who is African American, also asserts that Defendant has discriminated against her on the basis of her race, repeatedly overlooking her for promotions and instead promoting Caucasian employees who lack her experience and training. *Id.* ¶¶ 33–35, 53, 56–57.

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") regarding the harassment she was experiencing. *Id.* ¶¶ 7, 36. Soon after, Defendant retaliated against her by placing her on a performance improvement plan ("PIP") that "completely altered the terms of [her] working conditions." *Id.* ¶¶ 37–38. Plaintiff alleges that the PIP was designed to make it impossible for her to improve enough to be taken off of it. *Id.* ¶ 39. Plaintiff was ultimately terminated from her position. *Id.* ¶ 40.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Plaintiff asserts in her Complaint that the Charge of Discrimination (Charge No. 531-202-00296) she filed with the EEOC alleged a claim for disability discrimination and retaliation. *Id.* ¶ 7. However, Defendant has provided a copy of Charge No. 531-202-00296, which this Court may consider at the Motion to Dismiss stage because it is incorporated into the Complaint by reference, *see Under Armour Sec. Litig.*, 409 F. Supp. 3d 446, 450 (D. Md. 2019) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)),[3] that shows she only alleged race discrimination under Title VII. ECF No. 12-2. The EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") for Charge No. 531-202-00296 on October 29, 2019, and Plaintiff received it on November 1, 2019. ECF No. 1 ¶¶ 8–9.

Plaintiff filed a Complaint in this Court on January 31, 2020, within 90 days of receipt of the Right to Sue Letter, asserting three claims against Defendant—race discrimination, disability discrimination, and retaliation. ECF No. 1. Plaintiff filed a Motion for Entry of Default against Defendant on June 22, 2020. ECF No. 9. On July 29, 2020, Defendant filed an Opposition to Plaintiff's Motion, noting that, while the State's Answer to Plaintiff's Complaint was initially due on April 9, 2020, the Court's Standing Order 2020-07[4] extended the State's deadline for filing an answer in this case to July 2, 2020. ECF No. 11. Plaintiff withdrew her Motion for Entry of Default on July 16, 2020. ECF No. 13 at 1. The Court thus denies Plaintiff's Motion as moot.

---

[3] *See also Walker v. Wilkie*, No. 319CV00249FDWDCK, 2020 WL 497136, at *2 (W.D.N.C. Jan. 30, 2020) (finding the plaintiff's EEOC charge and notices incorporated by reference "as a plaintiff would be unable to file his action without these documents"); *Bruton v. FirstHealth of the Carolinas, Inc.*, No. 1:12CV253, 2012 WL 5986788, at *1 (M.D.N.C. Nov. 29, 2012) (finding the plaintiff's EEOC charge, attached to the defendant's reply brief, incorporated by reference where the complaint mentions and relies upon it). Additionally, the Court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).
[4] Standing Order 2020-07 addresses the District of Maryland's operations under the exigent circumstances created by the COVID-19 pandemic.

On July 2, 2020, Defendant filed a Motion to Dismiss. ECF No. 12. Plaintiff filed a Consent Motion for Extension of Time to File a Response on July 16, 2020, ECF No. 13, which this Court grants. Plaintiff filed her Opposition to Defendant's Motion to Dismiss on August 6, 2020. ECF No. 14. Defendant replied on August 20, 2020. ECF No. 15.

## II.     STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).[5] Rule 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678; *Twombly*, 550 U.S. at 555 (stating that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do").

Fed. R. Civ. P. 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must

---

[5] Defendant also moves to dismiss Plaintiff's claims brought under the ADA and § 1983 under Rule 12(b)(1) for lack of subject-matter jurisdiction, arguing those claims are barred by the State's sovereign immunity. *See* ECF No. 12-1 at 2–4. However, as discussed below, Plaintiff has abandoned those claims, and thus only Rule 12(b)(6) remains relevant to deciding Defendant's Motion.

4

accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citation and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. DISCUSSION

As an initial matter, Plaintiff makes no effort to defend its claims of disability discrimination (Count I) or retaliation (Count III) against the arguments for dismissal raised in Defendant's Motion. "[I]t is customary practice in this Court to deem claims abandoned to the extent a plaintiff fails to respond to a motion to dismiss those claims." *O'Reilly v. Tsottles*, No. CV GLR-18-3622, 2021 WL 424415, at *7 (D. Md. Feb. 8, 2021) (listing cases). Thus, Plaintiff's first and third claims are dismissed, and the Court focuses on the remaining race discrimination claim. Additionally, to the extent Plaintiff's claim of race discrimination in Count II arises under § 1983, that portion of the claim must be dismissed, as the statute requires that the liable party be a "person," and the State of Maryland is not a person for purposes of the statute. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (concluding that a State is not a "person" within the meaning of § 1983); *see also Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 396 (4th Cir. 1990). The Court, therefore, need only analyze Plaintiff's claim of race discrimination under Title VII.

Plaintiff's race discrimination claim alleges that Plaintiff was "continuously overlooked for promotions" because of her race. ECF No. 1 ¶¶ 52–53, 56–57. Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). Where, as here, a plaintiff does not put forward direct allegations of discriminatory motive, courts apply the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996). Under that three-step framework, Plaintiff must first establish a prima facie case of discrimination based on failure to promote, which requires that Plaintiff show: "(1) she is a member of a protected group, (2) she applied for the position in question, (3) she was qualified for that position, and (4) the defendants rejected her application under circumstances that give rise to an inference of unlawful discrimination." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005) (citing *Bryant v. Aiken Reg. Med. Ctrs. Inc.*, 333 F.3d 536, 544–45 (4th Cir. 2003)). "If a prima facie case is established, the burden then shifts 'to the employer to articulate some legitimate, nondiscriminatory reason' for the decision not to promote." *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802). The plaintiff must then show the stated reason is a pretext for discrimination, and the trier of fact must determine whether the plaintiff has sufficiently shown the employer intentionally discriminated against her because of her race. *Id.* (citing *McDonnell Douglas*, 411 U.S. at 804; *Bryant*, 333 F.3d at 545).

At the motion to dismiss stage, a plaintiff need only allege a plausible claim of disparate treatment. *See Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017); *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of*

*Appeals of Maryland*, 566 U.S. 30 (2012) ("[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level . . . ." (internal citations and quotation marks omitted)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Nevertheless, while a plaintiff "is not required to show a prima facie case to survive a motion to dismiss, the elements of a prima facie claim are helpful in analyzing the plausibility of the claim as alleged." *Brown v. Hous. Auth. of Baltimore City*, Civ. No. MJG-16-3616, 2017 WL 3189447, at *5 n.5 (D. Md. July 26, 2017). "Consequently, a plaintiff claiming discrimination by failure to promote may allege the prima facie elements." *Lowman v. Maryland Aviation Admin.*, No. CV JKB-18-1146, 2019 WL 133267, at *5 (D. Md. Jan. 8, 2019).

      Plaintiff alleges that she is an African American female, that she had worked for Defendant for eight years, that she "produced satisfactory work and gained a wealth of knowledge and experience," and that she "was continuously overlooked for promotions" while "Defendant routinely promoted less qualified and experienced Caucasian employees" over her. ECF No. 1 ¶¶ 52–57. Defendant does not contest that Plaintiff has sufficiently alleged that she is a member of a protected group but argues she has not satisfied the pleading requirements for the remaining elements of her Title VII claim. ECF No. 12-1 at 7. Plaintiff, in her response, asserts, in a mostly conclusory fashion, that her allegations are fully compliant with Federal Rule of Civil Procedure 8(a)(2) and the *Twombly-Iqbal* standard. ECF No. 14 at 2–3.

      Plaintiff's general and conclusory allegations fail to state a claim. First, she has not alleged there was a specific position for which she applied. *See, e.g.*, *Williams v. Giant Food*

7

*Inc.*, 370 F.3d 423, 430 (4th Cir. 2004) ("If an employer has a formal system of posting vacancies and allowing employees to apply for such vacancies, an employee who fails to apply for a particular position cannot establish a prima facie case of discriminatory failure to promote.");[6] *Rollakanti v. Holy Cross Hosp.*, No. CV PX 16-02914, 2017 WL 2335544, at *3 (D. Md. May 30, 2017) (dismissing failure-to-promote claim where Plaintiff alleges that "he applied for an unspecified 'new position,'" finding "the Complaint even fails to satisfy the notice requirements of Federal Rule of Civil Procedure 8 in omitting the most basic facts regarding the applied-for position or the time frame of his application and rejection"); *Cepada v. Bd. of Educ. of Baltimore Cty.*, 814 F. Supp. 2d 500, 510 (D. Md. 2011) (dismissing failure-to-promote claim where the plaintiff did not allege that the position was open or that he applied for it); *Jarvis v. Enter. Fleet Servs. & Leasing Co.*, No. CIV.A. DKC 07-3385, 2010 WL 1068146, at *21 (D. Md. Mar. 17, 2010), *aff'd*, 408 F. App'x 668 (4th Cir. 2011) (rejecting allegation that the defendant "routinely promoted Caucasian drivers" to full-time and/or management positions where the plaintiff did not identify "a single position for which he applied"). And, in turn, she has not alleged that she was qualified for that unnamed position. *See, e.g.*, *Rollakanti*, 2017 WL 2335544, at *3 (dismissing claim where the plaintiff failed to "provide any facts suggesting that he was qualified for the position in question"); *see also Pouncey v. Guilford Cty.*, No. 1:18CV1022, 2020 WL 1274264, at *9 (M.D.N.C. Mar. 17, 2020) (noting that, while at the motion to dismiss stage, "a plaintiff need not conclusively establish that they were as or more qualified for the position than the employee who was promoted," "a plaintiff's raw assertion that

---

[6] This requirement can be relaxed in certain situations—for example, in cases where an employer fails to make its employer aware of vacancies or managers seek out candidates for promotion rather than relying on applications. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 430 (4th Cir. 2004). However, Plaintiff has not made any allegations supporting relaxation of this element of a failure-to-promote claim. *See Riley v. Honeywell Tech. Sols., Inc.*, No. CV BEL-05-2426, 2008 WL 11444189, at *7 (D. Md. Apr. 16, 2008), *aff'd*, 323 F. App'x 276 (4th Cir. 2009) ("In the absence of such evidence, Riley remains subject to the general requirement that an employee must formally apply for a specific position in order to state a claim for discriminatory failure to promote.").

she was qualified is insufficient to meet the 12(b)(6) standard"); *McCaskey v. Henry*, No. 3:10-CV-390-GCM, 2012 WL 1118851, at *3 (W.D.N.C. Apr. 3, 2012) (finding the plaintiff's allegations that she was "dependable, loyal, talented, strong, and creative" and had the requisite "experience, qualifications and readiness to be promoted" conclusory and insufficient to state a claim and emphasizing that "[a] plaintiff's mere assertion of general qualifications is not enough without some reference to an objective standard"). Thus, she fails to allege the second and third elements. Similarly, although alleging that the position was filled by a less qualified applicant outside the protected class may be sufficient to satisfy the fourth element of a failure-to-promote claim, *see McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015), Plaintiff's general allegation that less qualified and experienced white employees were promoted over her still fails to support a plausible claim of discrimination because it is not tied to a specific position.

While Plaintiff is not required to plead facts constituting a prima facie case of discrimination for failure to promote, the facts alleged are too general and conclusory to state a plausible case of discrimination. Accordingly, because Plaintiff has not sufficiently pleaded her race discrimination claim and has abandoned her other claims, the Complaint will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 12, and Plaintiff's Consent Motion for Extension of Time to File Response to Defendant's Motion, ECF No. 13, are granted, and Plaintiff's Motion for Default, ECF No. 9, is denied as moot. A separate Order follows.

Dated: <u>March 10, 2021</u>　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge