## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **LAVETTA JACKSON,** | | |
| | * | |
| **Plaintiff,** | | |
| | * | |
| **v.** | | |
| | * | |
| | | **Case No.: DLB-20-270** |
| **STATE OF MARYLAND,** | * | |
| | | |
| **Defendant.** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### MEMORANDUM OPINION AND ORDER

This is plaintiff Lavetta Jackson's second attempt to allege a viable race discrimination claim against the State of Maryland as a former employee of the Maryland Department of Housing and Community Development ("DHCD").  ECF 24.  In her first complaint, Ms. Jackson, an African American woman, alleged she was overlooked repeatedly for promotions that were given to less-qualified white people.  ECF 1.  Her complaint was dismissed without prejudice for failure to state a claim.  ECF 17 & 18.  In her amended complaint, she alleges that DHCD secretively promoted others to positions without advertising the openings thereby denying her the ability to apply for and obtain promotions because of her race.  ECF 24, ¶¶ 34–37.  Defendant State of Maryland has moved to dismiss the amended complaint.  ECF 25.  Plaintiff opposed, ECF 26, and defendant replied, ECF 27.  No hearing is necessary.  S*ee* Loc. R. 105.6 (D. Md. 2021).  Because plaintiff has failed to state a claim and failed to exhaust her administrative remedies before the Equal Employment Opportunity Commission ("EEOC"), defendant's motion to dismiss is granted.

### I.      Procedural and Factual Background

On January 31, 2020, plaintiff filed a complaint in which she alleged three causes of action:

(1) race discrimination, (2) disability discrimination, and (3) retaliation.  ECF 1.  Plaintiff was employed by DHCD as an Administrative Specialist II/Multifamily Systems Coordinator.  *Id.* ¶¶ 4, 6, 16, 23.  Her responsibilities involved "maintain[ing] accurate data in the Multifamily systems" and "review[ing] . . . loan and other documents [to determine] what data should be entered into the Multifamily Systems."  *Id.* ¶ 19.  She alleged she was "overlooked repeatedly for promotions."  *Id.* ¶ 34.  She claimed less-qualified white individuals were "routinely selected instead of" her.  *Id.* ¶ 35.  She further alleged that her anxiety and depression, of which her employer was aware, disrupted her concentration, made her intolerant to stress, and negatively impacted her motivation.  *Id.* ¶¶ 24–25.  She was "continuously harassed" by a supervisor, and the harassment "was so severe and frequent that it created a hostile work environment" and "exacerbated [her] disability."  *Id.* ¶¶ 26, 28–29.  Plaintiff filed a charge with the EEOC.  *Id.* ¶ 38.  She alleged that, after she reported the harassment to the EEOC, she was placed on a performance improvement plan ("PIP"), which was "designed so that it would be impossible for [her] to improve in a fashion that [would] remove her from the confines of the [PIP.]"  *Id.* ¶¶ 36–39.  She was subsequently terminated from her position.  *Id.* ¶ 42.

On July 2, 2020, defendant moved to dismiss her complaint in its entirety.  ECF 12.  The Court granted the motion.  ECF 17 & 18.  The Court found plaintiff abandoned her retaliation and disability discrimination claims by failing to defend them after defendant moved to dismiss.  ECF 17, at 5.  The Court further found plaintiff failed to state a claim of race discrimination because she did not identify a specific position for which she applied, did not allege she was qualified for the unnamed position, and only generally alleged "that less qualified and experienced white employees were promoted over her."  *Id.* at 8–9.  Accordingly, the Court concluded plaintiff failed to state a plausible race discrimination claim but allowed plaintiff until March 31, 2021, to amend

her complaint.  *Id.* at 9; ECF 18.  On March 30, 2021, plaintiff moved for an extension of time to file her amended complaint, ECF 19, which defendant opposed, ECF 20.  The Court granted plaintiff until April 10, 2021, to file her amended complaint.  ECF 19 & 21.  Plaintiff did not file her amended complaint until April 19, 2021.  ECF 24.

In her amended complaint, she reasserts the failure-to-promote allegations in her original complaint but changes her theory of discrimination to a secret selection process theory whereby defendant denied her promotional opportunities by selecting less-qualified white applicants for vacant positions of which she was never made aware.  ECF 24, ¶¶ 34–37.  She alleges that defendant "discriminated against [her] on the basis of her race" by "discreetly seek[ing] out candidates for promotion to hi[gher] level positions" and "exclud[ing] [her] from consideration for these promotions because she is African American."  *Id.* ¶¶ 33–35.  "Typically, [she] would not even be made aware the promotional opportunities were available until after a selection was made."  *Id.* ¶ 36.  She claims that "Caucasian employees who lack[ed] experienced and training that [she] possesse[d] [were] routinely selected for these promotional opportunities instead of [her]."  *Id.* ¶ 37.  She asserts a violation of Title VII of the Civil Rights Act of 1974, § 701 *et seq.*, 42 U.S.C. § 2000e *et seq.*

Defendant moved to dismiss the amended complaint on the grounds that plaintiff's filing was untimely, that she failed to state a claim with respect to her secret selection claim, and that this Court lacks subject matter jurisdiction over her claim because the claim exceeds the scope of her original EEOC charge.  ECF 25.[1]

---

[1] The Court will not dismiss the amended complaint as untimely filed.  Plaintiff sought an extension of time to file the amended complaint, which was granted, but nevertheless did not file her amended complaint until nine days after the extended deadline.  ECF 19, 21 & 24.  Plaintiff's counsel avers that, due to an administrative error, he thought the amended complaint was due on April 17, 2021, and not April 10, 2021, as was ordered by the Court.  ECF 19, 21 & 26.  Counsel

## II.   Analysis

### A.  Standard of Review

Defendant has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because plaintiff failed to exhaust her administrative remedies and pursuant to Rule 12(b)(6) for failure to state a claim.  ECF 25.  Title VII's exhaustion requirement is not a jurisdictional prerequisite.  *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1850 (2019) (holding Title VII's "charge-filing requirement is not of jurisdictional cast").  Consequently, any motion to dismiss based on a failure to exhaust administrative remedies with respect to a Title VII suit should be considered under Rule 12(b)(6), not Rule 12(b)(1).  *See Olivarria v. Cooper*, 776 F. App'x 128, 129 (4th Cir. 2019) (remanding because the district court found it lacked jurisdiction over a non-exhausted Title VII claim and advising the exhaustion requirement is not jurisdictional), *rev'g* No. 5:17-CV-590-D, 2019 WL 1748506 (E.D.N.C. Apr. 18, 2019); *Knott v. McDonalds Corp.*, No. LKG-21-592, 2021 WL 5015750, at *4 (D. Md. Oct. 28, 2021) (treating a Rule 12(b)(1) motion to dismiss a Title VII claim for failure to exhaust administrative remedies as a Rule 12(b)(6) motion).

Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of the claims pled in a complaint."  *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 211 (4th Cir. 2019)); *see* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Ray v. Roane*, 948 F.3d

---

filed an amended complaint on April 14, 2021, ECF 22, which the Clerk flagged as filed in error on April 16, 2021, ECF 23.  Counsel filed an acceptable amended complaint on April 19, 2021. ECF 24 & 26.  This modest, excusable delay was not prejudicial to the defendant.  The Court, therefore, will address the substance of the motion to dismiss.

222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).   A complaint

must contain "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's "allegations

must be sufficient 'to raise a right to relief above the speculative level,' including sufficient facts

to state a claim that is 'plausible on its face.'"   *Woods v. City of Greensboro*, 855 F.3d 639, 647

(4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555, 570).   At the pleading stage in an employment

discrimination lawsuit, a plaintiff is not required "to plead facts establishing a prima facie case of

discrimination to survive a motion to dismiss."   *McCleary-Evans v. Md. Dep't of Transp., State*

*Hwy. Admin.*, 780 F.3d 582, 585 (4th Cir. 2015); *see Swierkiewicz v. Sorema*, 534 U.S. 506, 510–

11 (2002)).  But "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is

entitled to relief, as required by Rule 8."  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)

(quoting *Iqbal*, 556 U.S. at 679) (internal quotation marks omitted).

When resolving a Rule 12(b)(6) motion to dismiss, the Court "must accept as true all well-

pleaded allegations and draw all reasonable factual inferences in [the] plaintiff's favor."  *Mays v.*

*Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).  The Court "does not resolve contests surrounding

facts, the merits of a claim, or the applicability of defenses."  *Ray*, 948 F.3d at 226 (quoting *Tobey*,

706 F.3d at 387 (quoting *Twombly*, 550 U.S. at 555)).

### B.  Failure to State a Claim of Race Discrimination

In her amended complaint, plaintiff alleges she was discriminated against on the basis of

race because she was not made aware of opportunities to apply for available promotions before

less-qualified white employees were selected for the positions.  ECF 24, ¶¶ 33–37.  Defendant argues plaintiff has failed to state a claim because she has not identified any position for which she was deprived of the opportunity to apply, has not alleged she was qualified for that position, and has not adequately alleged less-qualified white employees were selected for the unidentified position.  ECF 25-1, at 3.  Plaintiff argues she was not required to specifically identify the position or the less-qualified applicants because she alleged the selection process was secret and because the relaxed standard for discrimination claims based on a secret selection process, set out in *Williams v. Giant Food Inc.*, 370 F.3d 423, 431 (4th Cir. 2004), applies.  ECF 26, at 3–4.  The Court agrees with defendant.

Plaintiff alleges her employer discriminated against her based on her race by failing to promote her.  A plaintiff alleging a "failure-to-promote" claim must plausibly allege: "(1) she is a member of a protected group, (2) there was a specific position for which she applied, (3) she was qualified for that position, and (4) [the defendant] rejected her application under circumstances that give rise to an inference of discrimination."[2]  *Williams*, 370 F.3d at 430 (citing *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 544–45 (4th Cir. 2003)).  However, "if the employer fails to make its employees aware of vacancies, the application requirement may be relaxed and the employee treated as if she had actually applied for a specific position."  *Id.* at 431.  This is because "requiring the plaintiff to show that he or she applied for the specific jobs at issue would be unrealistic where the employer did not post the vacancy, as an employee by definition cannot apply for a job that he or she does not know exists."  *Id.* (quoting *Mauro v. So. New England Telecomms.*,

---

[2] A failure-to-promote claim may be alleged through direct or circumstantial means.  *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996).  Because plaintiff plainly relies on comparators in her complaint, the Court analyzes her complaint using the standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

*Inc.*, 208 F.3d 384, 387 (2d Cir. 2004)) (internal quotation marks omitted).

While plaintiff has adequately pled her membership in a protected class as an African-American woman, she has not plausibly alleged the three other elements of a failure-to-promote claim.  She has not identified a specific promotion for which she was qualified.  Although the relaxed pleading standard in *Williams* does not require her to allege she applied for a position she did not know existed, she still must identify a "specific position" for which she was qualified, even if she first became aware of it after it was given to someone else.  *See Hodge v. Walrus Oyster Ale House*, No. TDC-18-3845, 2019 WL 6069114, at *1–2, *4–5 (D. Md. Nov. 15, 2019) (applying *Williams*' relaxed standard with respect to several managerial positions the plaintiff identified as having been filled without her being made aware of the vacancies); *Jackson v. Sebelius*, No. WDQ-08-1687, 2009 WL 3258585, at *4 (D. Md. Oct. 8, 2009) (applying *Williams*' relaxed standard only to the plaintiff's failure to apply for a position clearly identified during litigation); *cf. Brown v. Target Inc.*, No. ELH-14-950, 2015 WL 6163609, at *6–7 (D. Md. Oct. 16, 2015) (denying a motion to dismiss in a failure-to-promote race discrimination case where the plaintiff identified specific openings and identified the race of the individuals filling those positions).  And, following her identification of a specific position for which she was unable to apply, she still must allege she was qualified for the position and identify the individual—outside her protected class—that was promoted instead of her.  Plaintiff's complaint specifically alleges none of these essential elements.  Without them, her amended complaint, as did her original complaint, fails to plausibly state a claim.

Absent well-pleaded allegations plausibly entitling her to relief under Title VII, dismissal of the complaint is required.  *See Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 780–81 (D. Md. July 28, 2010) (granting motion to dismiss because the plaintiff, who alleged a

discriminatory secret selection process, failed to identify the existence of a specific position).

### C.  Failure to Exhaust Administrative Remedies

Defendant argues plaintiff's amended complaint should be dismissed for the additional reason that it exceeds the scope of her charge submitted to the EEOC and that she has, therefore, not exhausted her administrative remedies with respect to the secretive selection theory.  ECF 25-1, at 5; ECF 27, at 4.  Plaintiff responds that the allegations in her amended complaint can be "reasonably expected to follow" the allegations in her charge to the EEOC.  ECF 26, at 4–5.  In plaintiff's view, "if she was overlooked for promotion because of her race, and . . . she complained of discrimination to human resources," it would follow that "[d]efendant would secretly promote other employees without informing [her] out of fear she would continue to report the discrimination."  *Id.* at 5.

"The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint."  *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996) (citing *King v. Seaboard Coast Line R.R.*, 538 F.2d 581, 583 (4th Cir. 1976)).  "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."  *Id.*  Thus, "if the *factual allegations* in the administrative charge are reasonably related to the *factual allegations* in the formal litigation, the connection between the charge and the claim is sufficient."  *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247–48 (4th Cir. 2000)) (emphasis added).  However, "when the claims in [a] court complaint are broader than 'the allegation of a discrete act or acts in [the] administrative charge, they are procedurally barred."  *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019)

(quoting *Chacko*, 429 F.3d at 508–10). "[A]n allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." *Chacko*, 429 F.3d at 509 (citing *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 153, 156–57 (4th Cir. 1995)).

In her charge to the EEOC, plaintiff alleged she was denied a specific promotion because she is African American. ECF 12-2. In particular, she alleged:

> I began my employment with [defendant] in 2012 as an Administrative Specialist I and later became an Administrative Specialist II. I applied for the HCD Portfolio Management position, I was denied hiring and a lesser qualified candidate was selected. I was continuously harassed by Ms. Jane Slocum, Portfolio Administrative Manager. Ms. Slocum continue [sic] to sabotage my work and concocted erroneous reasons for discipline that I am [sic] not performing my job. I informed human resources, and nothing was done.
>
> Respondent did not give any reasonable explanation why my concerns was [sic] not address [sic].
>
> I believe I have been discriminated against because of my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.* Thus, in her charge to the EEOC, plaintiff alleged a single, "discrete act" of a discriminatory denial of a promotion to a specific position for which she applied.

In her amended complaint, plaintiff takes a different tack, alleging defendant engaged in a secretive selection process whereby her employer promoted less-qualified white people but never told her the positions were available. As noted earlier, she does not identify which promotion decisions she is challenging. Her allegations about unidentified positions awarded to unidentified individuals involve completely different facts than those alleged in her EEOC complaint. And, an EEOC investigation into the decision to deny her promotion to the HCD Portfolio Management position would not have reasonably led to the discovery of yet-to-be-identified positions of which plaintiff was not aware and for which she did not apply.

Because plaintiff, in her amended complaint, seeks to expose "a broader pattern of misconduct" than she challenged in her original EEOC charge, she has not exhausted her administrative remedies.  *See Zaire v. Protective Servs. Training Academy*, No. PWG-17-1185, 2019 WL 2289999, at *9 (D. Md. May 29, 2019) (dismissing race discrimination claim for failure to exhaust administrative remedies because plaintiff's complaint of a broad range of racial biases "plaguing the company" exceeded the scope of the EEOC charge related to a single, identified coworker).  Therefore, plaintiff's complaint is dismissed for the additional reason that she failed to exhaust administrative remedies.

### D. Dismissal with Prejudice

The Court granted plaintiff an opportunity to amend her complaint.  ECF 18.  Plaintiff amended her complaint but still failed to state a claim upon which relief can be granted.  Because plaintiff "has had the opportunity to amend in response to [defendant's] identification of pleading deficiencies but still fails to state a claim," the Court finds "dismissal with prejudice is appropriate because another opportunity to amend would be futile."  *Woods v. Wash. Metro. Area Transit Auth.*, No. PWG-18-3494, 2019 WL 3766508, at *7 (D. Md. Aug. 9, 2019) (citing *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013)), *aff'd sub nom. Woods v. Wash. Metro. Transit Auth.*, 785 F. App'x 188 (4th Cir. 2019); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits," but "undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] *futility of amendment*" are reasons to deny opportunity to amend (emphasis added)).  Therefore, plaintiff's amended complaint is dismissed with prejudice.

**ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is this 23rd day of December 2021 hereby ORDERED:

(1) Defendant's motion to dismiss, ECF 25, is GRANTED;

(2) Plaintiff's amended complaint, ECF 24, is DISMISSED with prejudice; and

(3) The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to the plaintiff and close this case.

_____
Deborah L. Boardman
United States District Judge